# Richmond

## CLARENCE JUNIOR COOK V. COMMONWEALTH OF VIRGINIA.

October 12, 1970.

Record No. 7188.

Present, All the Justices.

*Richard F. McPherson; Thomas H. Wood* (*Nelson, McPherson, Summers and Wood*, on brief), for plaintiff in error.

*Anthony F. Troy, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

On July 27, 1965, Clarence Junior Cook, who had theretofore entered a plea of guilty and had been convicted of grand larceny, was sentenced by the trial court to a term of three years in the penitentiary.

The court, exercising the discretion vested in it by law, suspended two years of the three year sentence and directed that the defendant serve a 12 month sentence at Bland Correctional Farm in lieu of serving one year in the penitentiary. The court further directed that, upon his release from custody at Bland Correctional Farm, defendant would be on probation for three years from July 27, 1965.

On July 26, 1968, the trial court was advised by a probation officer that defendant was in jail in Rockingham County, Virginia, where he was charged with two counts of forgery. The court en-

tered an order on that date which reads, in part, as follows: ". . . for reasons appearing to the court and for cause deemed sufficient, it is adjudged and ordered that the probationary period of the said Clarence Junior Cook be, and the same hereby is extended for a period of one (1) year, or until July 27, 1969." The defendant was not present when this order was entered and the record shows that he received no notice of the proposed action.

A hearing to determine whether his probation should be revoked was convened on September 6, 1968, at which time defendant was present and was represented by appointed counsel. The evidence at this hearing established that the defendant had entered a plea of guilty and had been convicted of two felonies, check forgeries, in the Rockingham County Circuit Court on August 20, 1968. He was sentenced by the Rockingham County Circuit Court to two consecutive sentences of two years each in the penitentiary. The evidence also shows that defendant had been arrested or charged with several misdemeanors at various times in the early part of 1968 but the evidence does not reveal what disposition, if any, had been made of those charges.

From this evidence the trial court found that defendant had violated the terms and conditions of probation and directed ". . . that the suspension of the execution of the two (2) years of the three (3) year sentence imposed by the aforesaid judgment be, and the same hereby is revoked, and doth further adjudge and order that the defendant, Clarence Junior Cook, be confined in the penitentiary for a term of two (2) years, in accordance with the aforesaid Judgment."

Defendant's position is that the trial court did not validly extend his period of probation since he had no prior notice of the action which was taken on July 26, 1968, and was not present at that time. He further argues that since his probation was not validly extended by the court's action, his probation and suspended sentence expired on July 27, 1968, and the court had no jurisdiction to revoke his probation on September 6, 1968.

The Attorney General, on the contrary, argues that the trial court's order of July 26, 1968, effected a valid extension of defendant's period of probation under the provisions of Code § 53-273, which provides:

"The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation."

From this statute it is quite clear that the trial courts of the Commonwealth are vested with power to extend the period of probation

if such an extension is validly effected by an appropriate procedure. Since Code § 53-273 provides no procedure to be followed, we look for guidance to the other sections of our probation act and to the case law.

In 1918 the General Assembly enacted what is generally known as the probation act enabling our courts to place defendants on probation and to provide our courts with the power to suspend the execution or imposition of sentences. Acts of 1918, Ch. 349, p. 528.

Our present statutes, Code §§ 53-266 to 53-280 inclusive, have evolved by amendments to the original act.

The other key section of the probation act which is relevant here is Code § 53-275 which deals with the power of the court to revoke a defendant's probation.

Code § 53-275, prior to the amendments enacted in 1970,[1] provided, in part:

> "The court may, for any cause deemed by it sufficient, revoke the suspension of sentence and any probation, if the defendant be on probation . . . at any time within the probation period, or if no probation period has been prescribed then within the period of suspension fixed by the court . . . whereupon . . . the original sentence shall be in full force and effect, . . ."

When we read Code § 53-275 in conjunction with Code § 53-273, we find that an extension of the period of probation under Code § 53-273 has the effect of extending the time period during which revocation may occur under Code § 53-275.

While the provisions of Code § 53-275 do not provide for a judicial hearing upon the revocation of a suspended sentence, we held in *Slayton v. Commonwealth*, 185 Va. 357, 38 S.E.2d 479 (1946), that fundamental fairness required a judicial hearing of a summary nature before the court could revoke a suspended sentence and thereby deprive the probationer of his liberty. Our holding, in effect, was that the requirement of such a hearing was implicit in the statute.

Likewise, while Code § 53-273 does not specifically require a hear-

---

[1] Code § 53-275 was amended in 1970 to provide, in part:

"The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, . . . revoke the suspension of sentence and any probation, if the defendant be on probation, . . . at any time within one year after the probation period, or if no probation period has been prescribed then within one year after the period of supension fixed by the court, . . . whereupon . . . the original sentence shall be in full force and effect, . . ."

ing to increase the probation period, we find that the same rationale of fundamental fairness requires a judicial hearing of a summary nature for the probation period to be extended, since increasing the period of probation has the effect of extending the restraints on the probationer's liberty which are normally incident to his probation and extends the time period during which revocation may occur.

Defendant was not present when the order was entered extending his period of probation. No notice was given to him of the action proposed to be taken by the court. He was afforded no opportunity to be heard on whether his period of probation should be extended.

In these circumstances, we find that the order of July 26, 1968, is not a valid order and it, therefore, made no change in the date when defendant's probation expired under the original sentence.

Since the court did not revoke the suspension of the sentence within the probation period which expired on July 27, 1968, as provided by Code § 53-275, it had no power to invoke its jurisdiction on September 6, 1968, to revoke defendant's probation and place the original sentence in full force and effect. *Vick* v. *Commonwealth*, 201 Va. 474, 111 S.E.2d 824 (1960); *Dyke* v. *Commonwealth*, 193 Va. 478, 69 S.E.2d 483 (1952).

For these reasons the judgment order of the trial court revoking the defendant's probation and committing him to the penitentiary is reversed and the case remanded.

*Reversed and remanded.*