**Bernard SKIPPER, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Defendant.**

**Civ. A. No. 70-C-43-L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Nov. 5, 1970.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

Bernard Skipper, the petitioner, seeks relief in this court from his conviction of rape in the Corporation Court of the City of Lynchburg on May 17, 1954. At that trial he pleaded not guilty, but despite vigorous representation by his two attorneys, the jury returned a conviction. Skipper had previously been convicted of this crime but the first conviction was reversed by the Supreme Court of Appeals of Virginia. Skipper v. Commonwealth, 195 Va. 870, 80 S.E.2d 401 (1954). The second conviction which is under attack here was also considered by the Supreme Court of Appeals of Virginia which affirmed it. Skipper v. Commonwealth, 196 Va. 1057, 86 S.E.2d 817 (1955).

Skipper has submitted two petitions for a writ of habeas corpus which have been filed *in forma pauperis* in this

court and which make several allegations. The petitioner contends that:

1) the evidence was insufficient in law to support the conviction;

2) the court erred in allowing the prosecutrix to testify as to certain prior statements made by her;

3) the court erred in refusing to strike the Commonwealth's evidence;

4) the court erred in failing to set aside the verdict and in overruling the defendant's request to that effect;

5) he was subjected to a more severe sentence at his second trial after a successful appeal (35 years instead of 30 years);

6) the method used by the police to establish identification was so prejudicial and unfair as to deny him due process of law; and

7) he was denied the right to counsel during his one-man line-up before the prosecutrix.

The first four contentions were considered by the Supreme Court of Appeals of Virginia in the opinions previously cited.

As to these points, then, the petitioner has satisfied the exhaustion of state remedies requirement of 28 U.S.C. § 2254. The other contentions have not been presented to the state courts. The petitioner is advised that he must present these claims in a petition for a writ of habeas corpus to the Corporation Court of the City of Lynchburg and, if denied there, to the Supreme Court of Appeals of Virginia before they can be considered by this court. 28 U.S.C. § 2254.

■■ A federal court sitting in its habeas corpus jurisdiction does not perform the function of an appellate court. Its inquiry into state criminal trials is limited to a determination of whether the conviction under attack was obtained by unconstitutional means. Therefore, if there is any evidence supporting the conviction, it cannot be overturned by this court. Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969); Young v. Boles,

343 F.2d 136 (4th Cir. 1965). In this case the victim positively identified Skipper from the stand as her assailant. Obviously there was ample evidence to support the conviction.

■ The petitioner's objections to certain testimony by the prosecutrix were fully considered by the Supreme Court of Appeals of Virginia which held that the evidence was properly admitted. The admission of this testimony was a matter of state evidentiary law and it clearly does not raise a Constitutional issue.

The allegation that the petitioner received a more severe sentence at his retrial has not been presented to the state courts. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) involved the question of whether a judge could increase a sentence on retrial. The Attorney General advises in its answer that the issue of whether a jury can constitutionally impose a more severe sentence on retrial is presently before the Supreme Court in two cases styled May v. Peyton and McLaren v. Peyton.

The only other allegation of substance, that the one-man line-up was so prejudicial as to be a denial of due process, also has not been presented to the state courts. Although petitioner's allegation that the victim was confronted with Skipper and was asked whether he was the man raises a serious issue, United States v. Gilmore, 398 F.2d 679 (7th Cir. 1968); Palmer v. Peyton, 359 F.2d 199 (4th Cir. 1966), this court cannot presently consider it because of well-settled principles.

■ Although petitioner's final contention that he was denied the right to counsel at the police line-up has not been presented to the state courts, it is not believed to be amiss to point out that this contention is without merit. The proceeding complained of occurred over fifteen years ago. The Supreme Court held in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) that the rule establishing the right to

counsel at police line-ups was to be applied "only to those cases * * * which involve confrontations for identification purposes conducted in the absence of counsel after [June 12, 1967]." 388 U.S. at 296, 87 S.Ct. at 1969.

The petition is denied and the case dismissed and ordered stricken from the docket.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days with the clerk of *this* court a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1) the judgment, order or part thereof appealed from;

2) the party or parties taking the appeal; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk of this court is directed to send certified copies of this decision to the petitioner and to the respondent.