**Johnny Mack BROWN**

v.

**A. E. SLAYTON, Superintendent, Virginia State Penitentiary.**

**William Alexander MONROE
and
Johnny Mack Brown**

v.

**A. E. SLAYTON, Superintendent, Virginia State Penitentiary.**

**Civ. A. Nos. 71–C–19–C, 71–C–21–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Dec. 15, 1971.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Pursuant to 28 U.S.C. § 2241, Johnny Mack Brown has petitioned the court for a writ of habeas corpus to terminate his alleged illegal confinement in the Virginia state prison system. The original petition was filed by Brown *pro se* in the United States District Court for the Eastern District of Virginia and was later transferred to this court. Brown subsequently filed with this court a second petition for a writ of habeas corpus by William Alexander Monroe, Relator; since the two petitions raised common issues of law and fact, they were consolidated for all matters relating to this proceeding by order dated November 2, 1971. Leave to proceed *in forma pauperis* has been previously granted.

Petitioner is currently detained pursuant to a judgment of the Circuit Court of Albemarle County imposed on December 16, 1969, in which petitioner was sentenced to a two year term in the Virginia State Penitentiary upon a conviction for forgery. Execution of the two year sentence had been suspended for a period of five years from December 16, 1969. Brown does not now attack the original conviction; rather he challenges the constitutional validity of the proceedings wherein the suspended sentence (probation) was revoked, for which he is presently serving the term imposed in

the original judgment. Although the petitions lack clarity, it appears that several constitutional errors are alleged, to wit: (1) petitioner was denied the right to appear and to testify at the probation revocation hearing; (2) he was denied the right to counsel at the hearing; (3) the court failed to conduct a preliminary hearing; (4) he committed no acts sufficient to justify the revocation; (5) he was denied his right to appeal.

The difficulty in the instant case is that there were two probation revocation proceedings, and it is not entirely clear which petitioner attacks. Where feasible and proper the court will review both proceedings. On October 30, 1970, the first proceeding was held revoking the probation, although it appears that petitioner did not appear nor was he represented by counsel. Thereafter Brown pursued habeas corpus relief in the Circuit Court of Albemarle County, wherein he presented the same claims as those presented here. Pursuant to an answer filed by respondent through counsel, the order of October 30, 1970, was declared null and void on April 22, 1971; it was further ordered that the petitioner be detained for a reasonable period "pending a de novo hearing relating to revocation of probation". To the extent that the petitions attack the void probation revocation hearing of October 30, 1970, they must be dismissed as raising patently frivolous claim. The second revocation proceeding comprised two hearings, held on June 7 and July 15, 1971, in both of which petitioner was present, represented by counsel. Contrary to petitioner's intimations, it was proper for the circuit court to detain petitioner pending a second proceeding rather than to release him, so long as the original probationary period had not

expired. Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969), cert. denied Cox v. Nelson, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970); see generally Cave v. Cunningham, 203 Va. 737, 127 S.E.2d 118 (1962).

Assuming that the petitions also attack the validity of the later hearings respondent argues that they should likewise be dismissed because petitioner has failed to exhaust his available state remedies and because the claims are frivolous. Petitioner claims that exhaustion would be futile in this case since he will have been released from the respondent's custody before the state courts can review the merits of his claims. Whether or not this time element is a proper justification for waiving the exhaustion requirement, 28 U.S.C. § 2254, the court feels that, under the particular circumstances of this case, the claims may properly be considered without requiring petitioner to first return to the state courts. It is well established that the exhaustion doctrine is not a jurisdictional limitation on the federal courts; it is based solely on comity and not on a want of power. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 873 (1963).

The court finds that the claims underlying petitioner's attack upon the hearings of June 7 and July 15, 1971, are without merit. In a proceeding to revoke probation, an accused is entitled to a judicial hearing at which he has the right to appear and testify, Va.Code Ann. § 53–275, Cook v. Commonwealth, 211 Va. 290, 176 S.E.2d 815 (1970), and to be represented by counsel, Hewett v. North Carolina, 415 F.2d 1316 (4th Cir. 1969); Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).[1] The record clearly reveals that petitioner appeared at the hearings,

---

1. *Mempa* dealt with the situation in which no sentence was initially imposed, imposition being delayed until such time as probation was revoked. Subsequent cases, distinguishing *Mempa*, have frequently held that counsel is not constitutionally required in the probation revocation proceeding when the sentence had been imposed in the original judgment and only the execution of the sentence was deferred. E. g. Sammons v. United States, 285 F.Supp. 100 (S.D.Tex.1968); Holder v. United States, 285 F.Supp. 380 (E.D.Tex.1968). *Hewett* concluded that the distinction should not be followed.

represented by counsel. On the other hand, even if there existed a requirement of a preliminary hearing in probation revocation cases, the failure to conduct such a hearing is not a denial of a constitutional right, and the petitioner has not shown prejudice by its absence. Ware v. Cox, 324 F.Supp. 568 (E.D.Va. 1971).

Whether or not the court had adequate grounds on which to revoke petitioner's probation is more properly a question of the sufficiency of the evidence; as such only in the case where the judgment is totally devoid of evidentiary support would there be raised a federal question cognizable in this court, e. g. Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969); Skipper v. Cox, 320 F. Supp. 934 (W.D.Va.1970). The court finds that there was ample evidence, including a criminal conviction during the probation period, to support the conclusion that petitioner violated the conditions of his probation, although it is noted that the hearings were primarily concerned with petitioner's mental condition.

Finally, petitioner claims that he was denied his right to appeal: if by this he attacks the order of October 30, 1970, any error which may have existed was corrected by the order of April 22, 1971, voiding the prior judgment. Nelson v. Peyton, supra. Any claim that petitioner was also denied his right to appeal the order of July 15, 1971 is equally without merit. When the petition was filed on September 8, 1971, the sixty day period, during which petitioner could have filed a notice of appeal and assignment of error, still ran, Virginia Supreme Court of Appeals, Rules of Court 5:1 § 4, but apparently no appeal has been sought. Moreover, no facts are alleged to support the conclusion that the right of appeal was denied, and it is clear from the prior state petition that petitioner knew before July 15, 1971, that such a right existed. The petitioner will not be heard, on the one hand, to claim that his right of appeal was denied and, on the other hand, to request the court to waive the requirement that he directly appeal the order, at a time when he could have done so, before the court would consider his claims.

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.