**Luther William CAVE, Jr., Petitioner,**

v.

**A. E. SLAYTON, Jr., Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 72–C–62–H.**

United States District Court, W. D. Virginia, Harrisonburg Division.

Dec. 21, 1972.

**514**

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case is before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Luther William Cave, Jr., a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed in this court on November 2, 1972.

Petitioner is currently serving a sentence of four years in the Virginia State Penitentiary by reason of a judgment of the Circuit Court of Page County, imposed on May 19, 1969, for statutory burglary. The sentence was suspended upon condition of good behavior and the petitioner was placed on probation.

On May 17, 1971, an order was entered in the Circuit Court of Page Coun-ty, revoking the probation, and after a hearing petitioner was ordered to serve the time originally given to him. Petitioner was originally convicted after a trial before a judge in which the petitioner, represented by court-appointed counsel, entered a plea of guilty.

Following the revocation of his probation, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Page County, wherein he alleged the same matters which are the subject of the allegations herein. The said petition was denied and dismissed by an order dated March 27, 1972. Petitioner then filed a notice of appeal in the Virginia Supreme Court, and he also filed an assignment of error. However, the appeal from the Circuit Court habeas proceeding was not perfected in the Virginia Supreme Court in that a petition for a writ of error was not filed, and the appeal was dismissed for this reason by an order dated September 15, 1972.

Petitioner raises a single claim in his petition: That he was not represented by an attorney at his probation revocation hearing, in violation of the sixth and fourteenth amendments to the United States Constitution. He cites Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) and Hewett v. North Carolina, 415 F.2d 1316 (4th Cir. 1969) as authorities.

Although petitioner raised this claim at the trial court level and again on appeal to the Virginia Supreme Court, since he did not file a petition for a writ of error with the Virginia Supreme Court, it cannot be said that he has fully exhausted his available state remedies in compliance with the provisions of 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). Since his claim has not been dealt with on the merits by the Virginia Supreme Court, this court must dismiss the allegation for failure to exhaust state remedies.

However, looking to the merits, this court has previously dealt with a proba-

tion revocation hearing in Brown v. Slayton, 337 F.Supp. 10 (W.D.Va.1971). This court stated, at 12, that:

. . . In a proceeding to revoke probation, an accused is entitled to a judicial hearing at which he has the right to appear and testify, Va.Code Ann. § 53–275, Cook v. Commonwealth, 211 Va. 290, 176 S.E.2d 815 (1970), *and to be represented by counsel,* Hewett v. 'North Carolina, 415 F.2d 1316 (4th Cir. 1969); Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). (Emphasis added).

The probation revocation proceeding at which petitioner alleges that he did not have the benefit of counsel may be a valid ground for the granting of the writ of habeas corpus.

However, this court will defer judgment until petitioner has exhausted his available state court remedies.

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.