JONATHAN REINEMER, s/k/a

JONATHAN P. REINEMER

v.

COMMONWEALTH OF VIRGINIA

No. 2188-91-4

Decided June 8, 1993

COUNSEL

Stefanie H. Snow (Louise M. DiMatteo, Senior Assistant Public Defender; Office of the Public Defender, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On May 4, 1981, the Circuit Court of Fairfax County convicted Jonathan Reinemer of four counts of manslaughter and sentenced him to three years incarceration on each charge. The court then suspended ten years of the twelve year sentence. On November 15, 1991, the trial court revoked the suspension of the sentences. On appeal, Reinemer contends that the trial court did not have jurisdiction to revoke the suspension of his sentences and that it should not have considered all the probation violations alleged. We agree and reverse the judgment of the trial court.

A court may suspend the execution of a sentence, in whole or in part, and place the accused on probation. *See* Code § 19.2-303; *Duncan v. Commonwealth*, 2 Va. App. 342, 344, 343 S.E.2d 392, 393-94 (1986). "It is beyond question that '[a] court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension.' " *Russnak v. Commonwealth*, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting *Griffin v. Cunningham*, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)). Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court. *Singleton v. Commonwealth*, 11 Va. App. 575, 580, 400 S.E.2d 205, 208 (1991).

Upon Reinemer's conviction on May 4, 1981, the trial court suspended ten years of the twelve year sentence. The order conditioned the suspension upon, in pertinent part:

[T]he Defendant's good behavior and that he be placed on active probation subject to the conditions as set forth in P.B. Form 2-revised 1-76 for a period of five (5) years upon his release from confinement and . . . further conditioned that the Defendant not operate a motor vehicle for a period of ten (10) years.

These were conditions of suspension of Reinemer's sentence, not terms of probation.

On April 8, 1986, the trial court modified its previous order. The April 8, 1986 order states, in pertinent part: "The conditions of probation for the Defendant, Jonathan Reinemer, are hereby amended to

specifically allow him to drive . . . [under specified circumstances]."
The 1986 order continued by "clarifying" the 1981 order, stating:

> The court has never suspended the driver's license of Jonathan
> Reinemer. The court specifically acknowledges that Jonathan
> Reinemer may be issued a driver's license by the Division of Mo-
> tor Vehicles for the Commonwealth of Virginia. Any restrictions
> on the use of the motor vehicle are to be construed as conditions
> of his probation and not restrictions upon his ability to obtain a
> driver's license or as a restriction on the license.

By the explicit language "conditions of his probation," the order
modified the driving restriction, changing it from a condition of sus-
pension to a condition of probation subject to the terms and limits of
Reinemer's probation. It thereby brought the driving restriction within
the five year probation term limitation.

On May 4, 1987, the trial court entered an "Early Termination and
Discharge from Probation" order. This order states that "the proba-
tion . . . is hereby terminated and the probationer is discharged." This
order, effective May 4, 1987, ended all of Reinemer's probation re-
strictions, including the restriction on driving, and discharged him
from the court's jurisdiction.

On August 22, 1991, the trial judge issued a bench warrant requir-
ing Reinemer to show cause why the suspension of his sentences
should not be revoked. The warrant alleged that on May 31, 1986, a
Delaware court convicted Reinemer of speeding; on September 28,
1989, a New Jersey court convicted him of a drug possession charge;
on November 13, 1990, a Fairfax court convicted him for driving
while intoxicated on April 29, 1989; on October 18, 1990, a Fairfax
court convicted him of driving while intoxicated on June 14, 1990;
and on May 21, 1991, he was convicted for driving while intoxicated
on October 31, 1990. The bench warrant alleged that on April 18,
1991, the Fairfax County Circuit Court adjudicated Reinemer an ha-
bitual offender, and that on August 17, 1991, police arrested him for
driving after being declared an habitual offender.

Except for the May 31, 1986 Delaware speeding charge, all of
Reinemer's alleged offenses and convictions occurred after the May 4,
1987 termination of his probation. The trial court erred in considering
the post-May 4, 1987 convictions as grounds for revoking the suspen-
sion of his sentences.

Moreover, the August 26, 1991 bench warrant issued more than one year after the conclusion of Reinemer's probation, and, thus, was untimely under Code § 19.2-306.

The Commonwealth argues that although the term of Reinemer's formal supervised probation had expired, he remained on implied informal probation, conditioned upon non-operation of a motor vehicle, for ten years from May 4, 1981. This position contradicts the express terms of the trial court's orders. Furthermore, probation cannot be implied. A restraint on an individual's freedom, and the imposition of potential liability for punishment, must be expressly and clearly stated.

The judgment of the trial court is reversed, and the appellant is discharged.

*Reversed.*

Barrow, J., concurred.

Fitzpatrick, J., concurring in part and dissenting in part.

The proper disposition of this case turns on the reconciliation of the three orders entered by the trial court. At issue is whether the condition that Reinemer be of good behavior, as expressly required by the trial court's original sentencing order, survived the trial court's subsequent orders and, therefore, remained in effect throughout the period of suspension. I agree with the majority that the judgment of the trial court must be reversed because "[a] restraint on an individual's freedom, and the imposition of potential liability for punishment, must be expressly and clearly stated." I disagree, however, with the majority's conclusion that the trial court's order of May 4, 1987, which terminated and discharged Reinemer from probation, also discharged him from the trial court's jurisdiction. Accordingly, I concur only in the result.

The trial court's original sentencing order, entered May 4, 1981, suspended ten years of Reinemer's twelve year sentence conditioned upon: (1) his good behavior; (2) being placed on active probation for five years; (3) successful completion of an alcoholism treatment program; (4) 2,000 hours of community service; and (5) not operating a motor vehicle for a period of ten years. Upon entry of this order, Reinemer was obligated to satisfy each of these five conditions in order to avoid revocation of the ten year suspension.

The condition of good behavior, while expressly stated in this case, is:

> implicit in every such suspension and constitutes the origin and purpose of the suspension and probation statutes. The Commonwealth desires the reformation of the criminal and in furtherance of that purpose its statutes provide for suspension and probation in cases where there are mitigating circumstances or when it is compatible with the public interest. These statutes are highly remedial and are to be liberally construed. When a trial court suspends a sentence it "does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform."

*Marshall v. Commonwealth*, 202 Va. 217, 219, 116 S.E.2d 270, 273 (1960) (decided under former Code § 53-272) (quoting *Richardson v. Commonwealth*, 131 Va. 802, 810, 109 S.E. 460, 462 (1921)).

On April 8, 1986, the trial court modified the prior sentencing order to allow Reinemer to drive a motor vehicle under certain limited conditions. The trial court then "*clarified*" its previous order by stating that "[a]ny restrictions on the use of the motor vehicle are to be construed as conditions of [Reinemer's] probation and not restrictions upon his ability to obtain a driver's license or as a restriction on the license."

I agree with the majority that the specific language used in the April 8, 1986, order changed Reinemer's driving restriction from a condition of suspension to a condition of probation, and, thus, all driving restrictions terminated when his probation was terminated. The order, however, by its very terms was only entered "to allow [Reinemer] to operate a motor vehicle during working hours, to and from any appointments required by his Probation Officer, and to and from classes at [Northern] Virginia Community College." I interpret this order as having no intended effect on the condition of suspension that Reinemer be of good behavior or the other three conditions of suspension that remained in force. I acknowledge, however, that the sentence structure used in the original sentencing order and the language used in the April 8, 1986 order is far from clear and is ambiguous.

There can be no doubt that Reinemer's conduct during the period of suspension, but after his discharge from probation, did not constitute good behavior. However, because the ambiguity in the trial court's

orders is subject to the plausible interpretation that the ''good behavior'' condition was combined with the ''active probation'' condition for a five year term, I find that the terms of suspension were not stated with sufficient clarity to justify the trial court's revocation of the suspended sentence. Accordingly, I would reverse on that basis.