COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bray
Argued at Richmond, Virginia


MARC KLOKOW, S/K/A
 MARC SERGE KLOKOW

v.         Record No. 2659-94-3      MEMORANDUM OPINION[*] BY
                                 JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                FEBRUARY 13, 1996


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Michael Gamble, Judge

Bryan K. Selz (Overbey, Hawkins & Selz, on
brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


On July 28, 1992, the General District Court of Campbell County sentenced Marc Serge Klokow to a $3,000 fine and twelve months in jail.  The court then suspended the entire sentence on condition that "defendant [was] not to contact Mary Katherine Lemon or enter Fairfields Subdivision or trespass on the property of Ms. Lemon or Ms. Raasch or call their phone numbers."  The order specified no term of suspension.

On June 16, 1994, the general district court issued a show-cause summons against Klokow, alleging that he had violated the condition of the suspension of his sentence by conduct in which he had engaged on May 24, 1994.  The general district court thereafter revoked the suspension of sentence and sentenced

        [*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Klokow to serve twelve months in jail. Upon trial de novo, the trial court made the same finding and imposed the same judgment and sentence. On appeal, Klokow contends that the trial court erred because on May 24, 1994, the time period covered by the suspended sentence had expired. We agree and reverse the judgment of the trial court.

> Code § 19.2-306 provides, in pertinent part:
> The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, within the maximum period for which defendant might originally have been sentenced to be imprisoned, revoke the suspension . . . and cause the defendant to be arrested and brought before the court at any time within one year after the period of suspension fixed by the court . . . .

The sentencing order imposed no term of suspension. Thus, the term of suspension was "the maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-306; see Grant v. Commonwealth, 223 Va. 680, 686, 292 S.E.2d 348, 351 (1982). The maximum period that Klokow could have been imprisoned was twelve months. Twelve months from the date of the sentencing order expired on July 28, 1993. The conduct which was the cause of the suspension proceeding occurred on May 24, 1994. Because the term of suspension of Klokow's sentence had expired, his conduct on May 24, 1994, could not support the revocation of the suspension.

The Commonwealth argues that the term of Klokow's suspended sentence that "defendant [was] not to contact Mary Katherine

Lemon," meant that he should not contact her forever. Such a requirement was not made clear in the sentencing order. "A restraint on an individual's freedom, and the imposition of potential liability for punishment, must be expressly and clearly stated." Reinemer v. Commonwealth, 16 Va. App. 462, 465, 431 S.E.2d 68, 70 (1993).

The judgment of the trial court is reversed, and the appellant is discharged.

Reversed.