Present:  All the Justices

CEDRIC VINCENT

v.  Record No. 981998     OPINION BY JUSTICE ELIZABETH B. LACY
                                          June 11, 1999
WARDEN OF THE DILLWYN
CORRECTIONAL CENTER, ET AL.

UPON A PETITION FOR A WRIT OF HABEAS CORPUS

In this petition for a writ of habeas corpus, we consider whether a certificate of discharge from probation supervision containing a prospective discharge date was superseded by a subsequent parole board warrant for the arrest and detention of the parolee pending a parole revocation hearing.

The sequence of events is as follows.  On August 14, 1997, Cedric Vincent was released from the Virginia Department of Corrections on mandatory parole, with a minimum parole supervision expiration date of February 14, 1998.  As part of the conditions of parole, Vincent acknowledged that his failure to obey all federal, state, and local laws and ordinances would subject him to arrest and revocation of parole.

On August 21, one week after his release on parole, Vincent was arrested by the Fairfax County Police Department, charged with distribution of cocaine, and incarcerated in the Fairfax County Jail.  In September 1997, while incarcerated pending a hearing on the drug charge, Vincent was charged with and convicted of simple assault for an incident that occurred

in the jail.  On January 21, 1998, Vincent pled guilty to and was convicted of the cocaine distribution charge.

As a result of Vincent's convictions for simple assault and distribution of cocaine, his parole officer prepared a "Major Violation Report" charging Vincent with violating the conditions of his parole.  Based on this report, the Virginia Parole Board (the Parole Board) issued a Board warrant commanding his arrest for violation of his mandatory release and commanding his detention "subject to further action of said Board."  The Board warrant was issued on February 2, 1998 and served on Vincent at the Fairfax County Jail on February 11, 1998.

Approximately one month later, March 12, 1998, a Fairfax County probation and parole officer gave Vincent an undated "Certificate of Discharge."  This undated certificate, generated sometime in early January 1998 by the Virginia Department of Corrections Information Systems, directed that "final Discharge be entered effective 2/14/98."  The same day, March 12, the probation and parole officer filed a presentence report in Vincent's pending sentencing proceeding for his cocaine distribution conviction.  In the presentence report the officer stated that

> [a]lthough a Parole Board warrant was issued for
> the above violations, the Parole Board elected to
> administratively discharge Mr. Vincent from
> parole on February 14, 1998.

2

On March 20, Vincent was sentenced on the cocaine distribution charge to eight years in prison with six years and six months suspended.

On May 13, 1998, a Parole Board hearing was held to determine whether Vincent's parole should be revoked. The Parole Examiner recommended that parole be revoked based on Vincent's admission of guilt to the charge of cocaine distribution and his conviction for simple assault. The Virginia Parole Board revoked Vincent's parole by letter dated May 22, 1998. The Parole Board denied Vincent's appeal and he filed this petition for a writ of habeas corpus, pro se. We ordered that counsel be appointed for Vincent and briefs be submitted by the parties.

Vincent argues that his Certificate of Discharge became effective prior to the revocation of his parole and that, because he was no longer a parolee at the time of the revocation, the Parole Board did not have jurisdiction to revoke his parole. Therefore, he concludes, his detention pursuant to the revocation is unlawful. To hold otherwise, he asserts, is fundamentally unfair and violates his due process rights. We disagree.

A parolee's obligation to comply with the terms of his parole continues until the parolee is discharged from parole. Until that time, a parolee is subject to revocation of his

parole by the Parole Board.  In this case, Vincent violated a condition of the parole supervision prior to the effective date of his discharge from parole.  The Parole Board had the authority to institute revocation proceedings based on Vincent's violations up until the effective date of his discharge.  The Board exercised that authority by issuing the Board warrant for Vincent's arrest and detention on February 2, 1998.  See Code §§ 53.1-136, and -161.

Issuing a board warrant for a parolee's arrest and detention for an alleged violation of parole conditions is inconsistent with ordering discharge from parole.  Therefore, because the action of the Parole Board instituting parole revocation proceedings in this case occurred subsequent to its setting of a prospective discharge date, but before the discharge date, the subsequent action operated to nullify the Board's prior action.  The fact that Vincent received the Certificate of Discharge after he received the Board warrant does not alter this conclusion.  The operative event was the initiation of action by the Parole Board, not the subsequent receipt of notice of the Board's action.

Vincent's reliance on Cook v. Commonwealth, 211 Va. 290, 176 S.E.2d 815 (1970), and Vick v. Commonwealth, 201 Va. 474, 111 S.E.2d 824 (1960), is misplaced.  Those cases involved probation revocation pursuant to former Code § 53-275, the

4

predecessor of Code § 19.2-306, which required that the revocation itself be completed within a statutorily prescribed period. The provisions of Title 53.1 regarding revocation of parole do not contain such a time limitation other than the requirement that an individual is a "parolee" at the time of the revocation and has not been validly discharged from parole. See Code § 53.1-136(3). Further, unlike the facts of this case, the periods of probation or suspension in those cases had ended before the trial court took action to revoke probation.

Finally, Vincent argues that because he, the probation and parole officer who filed the presentence report in the drug distribution charge, and the trial court sentencing him for the drug distribution charge all relied on the validity of the Certificate of Discharge, it is fundamentally unfair to allow the Parole Board to revoke his parole.[*] Vincent asserts that the sentence he received reflected the trial court's inclination to allow him to seek a drug treatment program and he contends that had the trial court known of his true parole

---

[*] Vincent argues that the Parole Board is bound by the representations of the parole and probation officer as reflected in the presentence report that the Board had discharged Vincent from parole. He cites no cases in support of this proposition, and, to the extent he is asserting a claim of estoppel, we have said that estoppel does not apply to the government in the discharge of its governmental functions. Gwinn v. Alward, 235 Va. 616, 621, 369 S.E.2d 410, 413 (1988).

5

status, it might have made adjustments to accommodate that status while allowing entry into the drug treatment program. This argument falls short of raising due process considerations.

What accommodations the trial court might have made in Vincent's sentence had it known that the Parole Board might revoke Vincent's parole is speculative at best. Indeed, Vincent may have received a shorter sentence in light of the erroneous statement that he had been discharged from parole. More importantly, Vincent's discharge from parole was within the discretion of the Parole Board. Code § 53.1-136(4). A parolee does not have a fundamental or liberty interest in a discretionary final discharge from parole. See James v. Robinson, 863 F.Supp. 275, 276 (E.D.Va. 1994), aff'd 45 F.3d 426 (4th Cir. 1994), citing Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).

For the above reasons, we conclude that the Parole Board had jurisdiction to revoke the parole of Vincent on May 22, 1998 and, therefore, that his detention pursuant to the revocation is lawful. Accordingly, we deny the petition for a writ of habeas corpus.

Petition denied.

6