COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Chafin and Malveaux
Argued at Salem, Virginia


LANIKKI KOREAN EDWARDS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0043-17-3                      JUDGE TERESA M. CHAFIN
                                                    APRIL 17, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

Stephen H. Kennedy, Jr., for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Lanikki Korean Edwards challenges an order revoking the remainder of her suspended

sentence.  On appeal, she contends that the trial court lacked the authority on April 7, 2014, to

extend her probation without notice or a hearing, and consequently, could not revoke the balance of

her suspended sentence on December 19, 2016, for violating the terms of her probation.  For the

reasons that follow, we affirm the trial court.

Background

Under standards analogous to those governing the appellate review of evidence presented

in criminal trials, we "view the evidence received at [probation revocation hearings] in the light

most favorable to the Commonwealth, as the prevailing party, including all reasonable and

legitimate inferences that may properly be drawn from it."  Henderson v. Commonwealth, 285

Va. 318, 329, 736 S.E.2d 901, 907 (2013).  The relevant evidence in this case is undisputed.

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 31, 2013, Edwards entered a plea of *nolo contendere* to a charge of petit larceny, subsequent offense, pursuant to a plea agreement with the Commonwealth. The trial court sentenced Edwards to three years of incarceration, with all three years suspended,[1] as well as two years of supervised probation from the time of her release from confinement.

In a letter dated April 4, 2014, the probation and parole office notified the trial court that Edwards was released from custody on June 14, 2013. However, Edwards failed to report to her probation officer, as she was required to do under the terms of her probation. Additionally, the letter informed the trial court that as a result of a 2011 grand larceny conviction from the Circuit Court of the City of Roanoke, Edwards was already subject to supervised probation. On April 3, 2014, Roanoke City revoked her twenty-month suspended sentence and terminated the corresponding probation due to Edwards's 2013 conviction for petit larceny, subsequent offense, in conjunction with her failure to report to her probation officer. The probation officer requested the trial court to abate Edwards's probation on her 2013 petit larceny conviction during her period of active incarceration for the 2011 grand larceny conviction. On April 7, 2014, the trial court entered an order to that effect, stating that Edwards's "supervised probation shall be abated during her current incarceration and shall re-commence upon her release from incarceration." Edwards and her attorney received a copy of the April 4 letter, however, neither received a copy of the April 7 order.

On June 16, 2015, Edwards was released from incarceration for her 2011 grand larceny conviction. Her probation officer calculated that the minimum date for her release from supervised probation was August 12, 2016. Edwards signed a conditions of probation form, which included the minimum date of release from supervised probation on June 24, 2015. She

---

[1] A period of suspension was not set by the trial court.

again signed a conditions of probation form including the minimum release date on July 28, 2015 and on November 16, 2015.

On August 2, 2016, Edwards's probation officer prepared a major violation report that indicated Edwards was charged with grand larceny on April 26, 2016 and with petit larceny, subsequent offense, on May 20, 2016. Edwards had been incarcerated in the Roanoke City Jail since May 20, 2016.

At the probation revocation hearing, Edwards moved to strike the Commonwealth's evidence, arguing that the trial court's April 7, 2014 order abating her probation was ineffectual because it increased her term of probation without notice or a hearing, in violation of Code § 19.2-304. The trial court denied the motion, finding that "an abatement while a person is serving another sentence, does not, in and of itself, equal an increase in a probation term originally imposed." Finding that Edwards violated the terms and conditions of her supervised probation, the trial court revoked the balance of Edwards's suspended sentence and resuspended all but eight months. Edwards appealed to this Court.

Analysis

On appeal, Edwards contends that because the April 7, 2014 order abating her probation "effectively increased" her probationary period, she was entitled to notice and a hearing pursuant to Code § 19.2-304. Upon review, we affirm the decision of the trial court.

"The probation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals. In addition, the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982) (internal citation omitted). "[T]he court is given a wide discretion in the determination of the

sufficiency of the cause for revoking the suspension." Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 483 (1946).

Code § 19.2-306(A) provides that

> [i]n any case in which the court has suspended the execution or imposition of a sentence, the court may revoke the suspension of a sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.

The Supreme Court of Virginia has ruled that for a probation period to be extended, the "rationale of fundamental fairness requires a judicial hearing of a summary nature . . . since increasing the period of probation has the effect of extending the restraints on the probationer's liberty which are normally incident to his probation and extends the time period during which revocation may occur." Cook v. Commonwealth, 211 Va. 290, 293, 176 S.E.2d 815, 817-18 (1970).[2] Code § 19.2-304 states that "[t]he court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth." "It is elementary that the purpose of notice in a criminal proceeding is to inform the accused of the charge against him and to afford him reasonable opportunity to prepare his defense." Turner v. Commonwealth, 216 Va. 666, 668, 222 S.E.2d 517, 519 (1976).

Edwards asserts that the April 7, 2014 order abating her probation while she served an active term of incarceration "effectively extended the time in which [she] had exposure to possible revocation of her suspended sentence and, therefore, extended the restraints on her liberty which are normally incident to probation." She notes that but for the April 7, 2014 order

---

[2] Cook was decided under Code § 53-273, a precursor to Code § 19.2-304 that did not explicitly require notice and a hearing when a trial court increased or modified a probation term. Statutory language requiring notice was added to the statute in 1975, subsequent to the decision in Cook.

abating her probation, her probationary expiration date "would have been on or about May 31, 2015, or, at the very latest June 14, 2015." Edwards contends that the abatement order modified her probationary expiration date to August 22, 2016. The December 19, 2016 probation revocation hearing was based on events that occurred in May 2016, which Edwards argues was outside the original probation expiration date given in the May 31, 2013 sentencing order. Therefore, Edwards contends she "would not have been exposed to imposition of her suspended sentence for violating the terms of her probation because there were no allegations she violated the terms of her probation within the original probationary term."

A defendant on probation or under a suspended sentence stands on atypical jurisdictional footing than other litigants as he or she is already under the court's jurisdiction as a result of an ongoing probationary period or suspended sentence. See Reinemer v. Commonwealth, 16 Va. App. 462, 464, 431 S.E.2d 68, 70 (1993); Grant, 223 Va. at 686, 292 S.E.2d at 351. A probation revocation hearing is "not a state of a criminal prosecution, and thus does not afford a convict all rights attending a criminal prosecution." Pierce v. Commonwealth, 48 Va. App. 660, 668, 633 S.E.2d 755, 758 (2006).

Edwards relies heavily on Cook in support of her argument. This reliance is misplaced. In Cook, as in this case, the defendant was incarcerated on an unrelated offense during an active period of probation. Cook, 211 Va. at 290, 176 S.E.2d at 816. The defendant's probation officer notified the trial court. Id. The defendant was not given notice or a hearing. Id. at 291, 176 S.E.2d at 816. The trial court in that case entered an order that *specifically extended* the defendant's probationary period by one year. Id.

Code § 19.2-304 only addresses situations in which a probation term is to be modified, increased, or decreased. It does not specifically address a situation as the one in the present case

wherein a probation term is to be "tolled" or "abated" during a term of active incarceration for an unrelated crime.

> "Under well-settled principles of statutory construction, we may not adopt an interpretation of one statute that conflicts with the plain language of another." Washington v. Commonwealth, 272 Va. 449, 458-59, 634 S.E.2d 310, 315-16 (2006) (internal citations omitted). "Courts cannot 'add language to the statute the General Assembly has not seen fit to include.'" Id. at 459, 634 S.E.2d at 316 (quoting Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003)). "[N]or are they permitted to accomplish the same result by judicial interpretation." Id. (quoting Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001) (internal quotation marks omitted)).

Ngomondjami v. Commonwealth, 54 Va. App. 310, 320-21, 678 S.E.2d 281, 286 (2009). For the trial court to find that the notice and hearing requirements apply to a defendant whose probation term is not being modified and merely delayed would be to impermissibly add language to a statute that the General Assembly has not seen fit to include. See Washington, 272 Va. at 458-59, 634 S.E.2d at 315-16. We conclude that since the General Assembly did not expressly address abatement of probation when it enacted Code § 19.2-304, it did not intend to impose the same notice and hearing requirements in that particular situation.

In addition, Edwards and her attorney received a copy of the letter from the probation officer requesting the court to abate probation during her incarceration. Further, Edwards signed conditions of probation forms on June 24, 2015, July 28, 2015, and November 16, 2015 – well after the 2014 abatement order. By signing these forms, she acknowledged that her minimum release from supervision date was August 12, 2016.

Even if this Court were to find that Edwards was entitled to notice and a hearing prior to the abatement of her probation term, we conclude that Edwards is unable to show prejudice, and any error on the part of the trial court was harmless. "A due process violation at a revocation

- 6 -

proceeding is subject to harmless error analysis." United States v. Verduzco, 330 F.3d 1182, 1184 (9th Cir. 2003) (internal quotation marks and citations omitted).

> "[N]otwithstanding any probation status, Code § 19.2-306(A) extends jurisdiction to a circuit court to revoke a previously suspended sentence 'for any cause the court deems sufficient that occurred at any time within the probation period, *or within the period of suspension fixed by the court*.'"

Wilson v. Commonwealth, 67 Va. App. 82, 94-95, 793 S.E.2d 15, 21 (2016). Because the 2013 sentencing order failed to fix a term of suspension, "the sentencing authority of the trial court under [Code] § 19.2-306 . . . extend[s] through the maximum period for which [the] defendant might originally have been sentenced to imprisonment." Grant, 223 Va. at 686, 292 S.E.2d at 351. Edwards pled guilty to a Class 6 felony, which is punishable by one to five years in prison. Thus, the trial court retained jurisdiction to revoke Edwards's suspended sentence at any time within five years of her May 2013 conviction. Her new offenses occurred between March and May, 2016. Thus, the trial court was well within its jurisdiction to revoke appellant's suspended sentence.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.