## Salem

### DENNIS BLAKE SINGLETON

v.

### COMMONWEALTH OF VIRGINIA

No. 1251-89-3

Decided January 22, 1991

576

Counsel

Robert H. Gray, Jr., for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

WILLIS, J.—On November 20, 1985, the appellant, Dennis Blake Singleton, was convicted in the Circuit Court of Campbell County of possession of methamphetamine with intent to distribute, possession of marijuana with intent to distribute, and possession of cocaine. He was sentenced to serve a total of eighteen years in the state penitentiary with eight years of that sentence suspended. The sentencing judge stated from the bench that the suspension was "on the condition that you be of good behavior and active probation for a period of ten years from today." The written order provided that the suspension was "upon the terms and conditions, to-wit: That he be under supervised probation of this court for a period of ten (10) years from this day, and that he pay all fines and costs imposed." Singleton having noted his intention to appeal, execution of the sentences was suspended and he was continued on bail pending final decision on appeal. On November 29, 1988 the Supreme Court affirmed the convictions.

On September 1, 1988, Singleton was convicted in the Circuit Court of Appomattox County of possession of cocaine. On September 27, 1988 the Circuit Court of Campbell County issued a rule against him to show cause why the suspension of the November 20, 1985 sentences should not be revoked. By order dated July 26, 1989, the Circuit Court of Campbell County revoked the suspension of the eight years and sentenced Singleton to serve that time.

On appeal, Singleton contends that the trial court erred: (1) in requiring "good behavior" as a condition of the suspension of his sentence when that condition was not expressly set forth in the sentencing order; and (2) in revoking the suspension of his sentence based upon conduct which occurred while execution of the sentence was suspended pending appeal. We find no error and affirm the judgment of the trial court.

In *Marshall v. Commonwealth*, 202 Va. 217, 116 S.E.2d 270 (1960), and in *Coffey v. Commonwealth*, 209 Va. 760, 167 S.E.2d 343 (1969), the Supreme Court held that a requirement of good behavior is implicit in any suspension of sentence. Singleton points out that those cases were decided under former Code § 53-272 which provided, in pertinent part:

[T]he court may suspend the execution of sentence . . . and may also place the defendant on probation under the supervision of a probation officer, during good behavior for such time and under such conditions of probation as the court shall determine.

He notes that Code § 53-272 has been repealed and replaced by present Code § 19.2-303, which does not require a condition of good behavior but simply authorizes suspension "under such conditions as the court shall determine." He argues that the implication of good behavior required by former Code § 53-272 is not required by present Code § 19.2-303. He argues that he cannot be held to a condition of suspension not imposed expressly by the sentencing court order.

■ This case does not turn on the authority of a trial court to suspend its sentence or upon a requirement that conditions be attached to such a suspension. Rather, it turns upon the authority of a trial court to revoke its suspension of sentence. That authority is

found in Code § 19.2-306, which provides, in pertinent part:

> The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court . . . revoke the suspension of sentence and any probation . . . cause the defendant to be arrested and brought before the court . . . whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed. In case the execution of the sentence has been suspended, the original sentence shall be in full force and effect.

At the original sentencing hearing, the trial judge told the defendant from the bench that the suspension of his sentence was "on the condition that you be of good behavior and active probation for a period of ten years from today." The written order memorializing that proceeding provided that the suspension of sentence was on condition "that he be under supervised probation of this court for a period of ten years from this day." During that period of time Singleton was convicted of yet another felony involving drug abuse.

■■ In *Marshall*, the Supreme Court said:

> The Commonwealth desires the reformation of the criminal and in furtherance of that purpose its statutes provide for suspension and probation in cases where there are mitigating circumstances or when it is compatible with the public interest. These statutes are highly remedial and are to be liberally construed. When a trial court suspends a sentence it "does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform."

202 Va. at 219, 116 S.E.2d at 273. The court goes on to say:

> It seems entirely clear that the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the suspension whether or not good behavior was expressly stated to be a condition of the suspension. It follows that in either aspect of the matter, whether good be-

havior was a condition of the suspension under § 53-272, or bad behavior a sufficient cause for revoking the suspension under § 53-275 [now § 19.2-306], the question here is simply whether there has been an abuse of discretion.

*Id.* at 220-21, 116 S.E.2d at 273-74.

Singleton next argues that because the execution of his Campbell County sentences was suspended pending appeal, those sentences imposed no conditions of conduct which were in force at the time he committed his crime in Appomattox County. Singleton mistakes the effect of appeal. His convictions and sentences were not abrogated. He merely was spared having to suffer their effect pending review. The approval of his sentences by the Supreme Court did not recreate those sentences, but merely affirmed them and authorized their execution.

A similar issue was raised in *Coffey v. Commonwealth*, 209 Va. 760, 167 S.E.2d 343 (1969). On November 7, 1966, Coffey received consecutive sentences of two years and three years, the latter being suspended on condition of his good behavior and probation for five years from release. On May 2, 1967, he was paroled. In June, 1967, he committed further felonies, resulting in the revocation of the suspension of his three year sentence. He argued that since he had not completed the service of the two year sentence, the period of good behavior and probation required with respect to the three year sentence had not commenced. Rejecting this argument, the Supreme Court said:

The fallacy in the position of the defendant is that his obligation is not to be decided under the principles applicable to parole. Instead, his liability under the order of November 7, 1966, is to be determined by the rules relating to suspended sentences, by the grace of which he was given the suspension in the first instance.

*Id.* at 762, 167 S.E.2d at 344. The court went on to say:

The effect of the trial court's order was to fix two periods to which the condition of good behavior attached, both within the framework of Code §§ 53-272 and 53-275. The first was a period of suspension without probation to commence November 7, 1966, the date the sentence was suspended, and to

run until the defendant began supervised probation. The second was a period of suspension with probation to run for five years.

*Id.* at 763, 167 S.E.2d at 345.

■ The question of whether to revoke the suspension of a sentence lies within the sound discretion of the trial court. *Hamilton v. Commonwealth*, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976); *Slayton v. Commonwealth*, 185 Va. 357, 367, 38 S.E.2d 479, 489 (1946). The record reflects Singleton's commission of a further felony of the same type as that for which the suspended sentence had been imposed. We find no abuse of discretion in the trial court's decision to revoke the suspension of that sentence.

The judgment of the trial court is affirmed.

*Affirmed.*

Coleman, J., and Moon, J., concurred.