COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Clements
Argued at Richmond, Virginia


ANTHONY L. McFARLAND
                                        OPINION BY
v.    Record No. 2014-01-2            JUDGE LARRY G. ELDER
                                        DECEMBER 31, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                     John Richard Alderman, Judge

           Joseph W. Kaestner (Kaestner & Associates,
           P.C., on brief), for appellant.

           Amy L. Marshall, Assistant Attorney General
           (Jerry W. Kilgore, Attorney General, on
           brief), for appellee.


     Anthony McFarland (appellant) appeals from the decision of

the Circuit Court of Hanover County (the trial court) denying

his request to remove from the terms of his suspended sentence

the condition that he keep the peace and be of good behavior.

On appeal, he contends the trial court erroneously concluded it

lacked jurisdiction pursuant to Code § 19.2-304 to take the

requested action.  We hold the trial court correctly ruled it

lacked jurisdiction, and we affirm.

                             I.

                         BACKGROUND

     On March 20, 1995, appellant was convicted for one count of

possessing a sawed-off shotgun pursuant to Code § 18.2-300 and

two counts of pointing a gun at a deputy pursuant to Code § 18.2-282.  On May 22, 1995, the court sentenced appellant as follows:

> [Appellant] is hereby sentenced to ten (10) years, all suspended on Possess Sawed-off Shotgun, and he is fined $100.00 on each charge of Point Gun [sic] at a Deputy, said fines are suspended.  The defendant is [o]rdered to keep the peace, be of good behavior, [and] violate no laws of the Commonwealth or any other jurisdiction[,] and he is placed on supervised probation.

Appellant complied with the requirements of his supervised probation, and his probation officer subsequently requested that he be released from "further supervision."  On November 19, 1996, the trial court entered an order releasing appellant from further supervision, which order provided, in pertinent part, as follows:  "[I]t is adjudged and ordered that [appellant] be released from further supervision, conditioned on his future good behavior, but this order shall in no manner change the suspended sentence in this cause or the condition[s] thereof other than supervision by the Probation and Parole Officer."

By motion filed June 4, 2001, appellant moved the court "for an order modifying his sentence to eliminate the balance of his term of <u>unsupervised probation</u> so that he may join the armed services."  (Emphasis added).  Appellant said he had no new criminal violations.  Appellant represented that he had been accepted into the United States Marine Corps but that he could not enter because of "[t]he continued existence of this period

of unsupervised probation."  Apparently equating the period of unsupervised probation with the remaining period of the suspension of sentence, he asked the court to "modify its order of conviction and eliminate the remaining time during which [appellant's] sentence is suspended."  (Emphasis added).

In argument on the motion, appellant represented that the Marine Corps "insists that there be no period of unsupervised probation" and that "[it] construes keeping the peace and being of good behavior as being unsupervised probation.  Suspended sentence they don't have a problem with just as long as there is nothing that looks like unsupervised probation . . . ."

The Commonwealth asserted that Rule 1:1 applied and the trial court lacked jurisdiction to modify the sentence.  The trial court ruled as follows:  "I'm going to deny your motion . . . . I just don't think I've got the authority to do it."

II.

ANALYSIS

Code § 19.2-304 authorizes a court to "increase or decrease the probation period" and to "revoke or modify any condition of probation . . . upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth."  Appellant contends that the remaining portion of his suspended sentence was simply a term of unsupervised probation which the trial court had the authority to eliminate pursuant to Code § 19.2-304.  We disagree and hold that Rule 1:1 applied to

divest the trial court of jurisdiction to modify the length and conditions of appellant's suspended sentence other than the condition requiring his participation in supervised probation.[1]

As the Supreme Court has observed,

> Code § 19.2-303 permits the trial court, after conviction, to "suspend imposition of sentence or suspend the [execution of] sentence in whole or part and <u>in addition</u> [to] place the accused on probation." (Emphasis added.) Section 19.2-304 deals with probation only and permits the court to increase or decrease the period of probation or modify any condition of probation. . . . [Code § 19.2-303] also permits the court under specified circumstances to suspend or otherwise modify the unserved portion of a sentence and place the defendant on probation. . . .
>
> <u>Consequently, we see the statutes as distinguishing between a suspension, . . . on the one hand, and probation, on the other hand.</u>

<u>Grant v. Commonwealth</u>, 223 Va. 680, 685, 292 S.E.2d 348, 350 (1982) (emphasis added)[2]; <u>see also</u> <u>Carbaugh v. Commonwealth</u>, 19

_____

[1] Because appellant did not argue at trial or on appeal that any other code section permitted the requested modification, we limit our analysis to the court's authority pursuant to Code § 19.2-304.

[2] <u>Grant</u> also cited portions of former Code § 53-272:

> Code § 53-272 . . . provides that "the court may suspend the execution of sentence, in whole or in part, or the imposition of sentence or commitment, <u>and may also place the defendant on probation</u> under the supervision of a probation officer, during good behavior for such time and under such conditions of probation as the court shall

- 4 -

Va. App. 119, 126, 449 S.E.2d 264, 268 (1994) (citing Grant for the proposition that "probation and suspension of sentence are separate and distinct concepts"). Probation is an option available to the sentencing court as one of multiple "reasonable terms and conditions" the court has "the authority to fix . . . for the suspension of execution of a sentence." Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999). "To be effective, probation must be concurrent with a coordinate term of suspension of sentence," id., but a court's authority to modify the terms of probation pursuant to Code § 19.2-304 does not give it the authority to modify any other terms upon which the suspension of a sentence was conditioned. Thus, Rule 1:1 governs. Subject to limited exceptions not applicable here, that rule provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated,

> determine." (Emphasis added.) [Code § 53-272] also permits the court under specified circumstances to suspend or otherwise modify the unserved portion of a sentence and place the defendant on probation.

Grant, 223 Va. at 685, 292 S.E.2d at 350-51. Code § 53-272 was repealed in 1982, at which time the second of the above-cited provisions was incorporated into present Code § 19.2-303, see 1982 Va. Acts, ch. 636, as indicated in the altered quote contained in the text of the instant opinion. The holding in Grant that "the [relevant] statutes distinguish between a suspension . . . and probation," 223 Va. at 685, 292 S.E.2d at 351, remains valid under the current statutory scheme.

- 5 -

or suspended for twenty-one days after the date of entry, and no longer."

Here, the trial court sentenced appellant to serve ten years for possession of a sawed-off shotgun and to pay a $100 fine for each of the two counts of pointing a gun at a deputy. It suspended both the sentence and the fines based on four express conditions: that appellant "keep the peace, be of good behavior, violate no laws of the Commonwealth or any other jurisdiction" and undergo "supervised probation."[3] The trial court subsequently terminated appellant's supervised probation, as it was authorized to do pursuant to Code § 19.2-304, conditioned on appellant's "future good behavior." However, the court expressly provided that its termination of appellant's supervised probation "shall in no manner change the suspended sentence in this cause or the condition[s] thereof other than supervision by the Probation and Parole Officer." Thus, the

---

[3] Because being of good behavior was an express condition of the suspension of appellant's sentence, we need not examine appellant's challenge to the ongoing validity of the assertion that "'good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not.'" Resio v. Commonwealth, 29 Va. App. 616, 622, 513 S.E.2d 892, 895 (1999) (quoting Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 270, 273 (1960)) (decided under former Code § 53-272). Compare id. with Singleton v. Commonwealth, 11 Va. App. 575, 577, 400 S.E.2d 205, 206-07 (1991) (noting Singleton's argument that Marshall was decided under Code § 53-272, which contained an express "good behavior" requirement, and "that Code § 53-272 has been repealed and replaced by present Code § 19.2-303, which does not require a condition of good behavior [and] simply authorizes suspension 'under such conditions as the court shall determine'").

requirement that appellant be of good behavior remained a condition of the suspension of his sentence and became a condition of the termination of his participation in supervised probation, as well.  The court was authorized pursuant to Code § 19.2-304 to remove the good behavior requirement as a condition of the termination of his probation, but it lacked jurisdiction to alter the good behavior and related provisions imposed as conditions of the suspension of appellant's sentence more than twenty-one days after the court's entry of its May 22, 1995 sentencing order.

Because what appellant sought was a modification of the terms of the suspension of his sentence, we hold the trial court did not err in concluding it lacked jurisdiction to provide the requested relief.  Thus, we affirm.

<u>Affirmed.</u>