# CIRCUIT COURT OF THE CITY OF SALEM

Commonwealth of Virginia

v.

Joshua Lee Flinchum

November 30, 2009

Case No. CR09-464

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant was indicted for two counts of grand larceny. Pursuant to a written plea agreement a *nolle prosequi* was entered on one of the felony charges and the other was amended to a misdemeanor charge of Interfering with the Property Rights of Another, in violation of § 18.2-121, Code of Virginia (1950), as amended. Defendant agreed to a sentence of twelve months in jail suspended after four months were served. Conditions of the suspended sentence were that Defendant was placed on probation under the supervision of Court Community Corrections for twelve months, required to pay his court costs and be of good behavior. Defendant has served his active sentence and paid his court costs. Shortly after the expiration of twenty-one days from his sentencing, he filed an application to have his sentence modified to eliminate the suspended portion of his sentence. The Commonwealth did not oppose this motion.

At the hearing, the Court pointed out that more than twenty-one days had lapsed since the Defendant's sentencing and denied the Defendant's motion, citing Rule 1:1 of the Rules of the Supreme Court of Virginia as the reason for the denial. Upon the agreement of the Commonwealth and pursuant

550

to § 19.2-303, Code of Virginia (1950), as amended, Defendant was released from the terms of his active probation but not from the terms of his suspended sentence. The Court advised Defendant that he could be found in violation of the terms of his suspended sentence and be subject to a potential revocation of his remaining eight months if he committed a new crime during the twelve months following his release from incarceration. After that hearing, and arguing that the Court still had jurisdiction to modify its original order despite the passing of twenty-one days, Defendant has renewed his motion and filed a memorandum citing cases and statutes he argued authorized the Court to act.

It is difficult to conceive of how this case has reached its current posture. The Defendant entered into a written plea agreement, pleaded guilty to the reduced charge, and asked the Court to accept the plea agreement and sentence him to twelve months in jail with eight months suspended in conformity with his plea agreement. The Court did just that. Thereafter, the Defendant having received the benefit of his plea agreement, asked to Court to eliminate his agreed suspended sentence because it interfered with his plans to receive extra training in the National Guard and possibly be deployed overseas. Being of the opinion that it lacked jurisdiction to act because more than twenty-one days had lapsed since the final order had been entered, the Court denied the Defendant's request. If the Court had jurisdiction to act, it would have denied the Defendant's request to modify his sentence because no compelling reason was advanced to allow him to avoid the consequences of his plea agreement. Notwithstanding that fact, it is possible that the Court contributed to the Defendant's misunderstanding of the statutes, the case law, the Rules of the Supreme Court of Virginia, and the final order by orally referring to the terms of Defendant's suspended sentence as "inactive probation." That phrase, although used by other courts in the state, has not been used by the Virginia Supreme Court. Accordingly, this written opinion follows.

The Defendant has confused a suspended sentence with probation. He has used the terms interchangeably. They are not synonymous but are separate and distinct concepts. *Grant v. Commonwealth*, 223 Va. 680, 685 (1982). The final judgment or order in a criminal case usually includes the imposition of a sentence on the defendant. Occasionally the imposition of the sentence is suspended. More often than not, some or all of the execution of sentence is suspended. Once the final order imposes a sentence, whether it is suspended or not, the ability to modify, vacate, or suspend that decision is under the control of the trial court for twenty-one days and no longer. Rule 1:1 of the Rules of the Supreme Court of Virginia. There is at least one limited exception to that rule. The legislature has authorized the Court, whether twenty-one days

have lapsed or not, to suspend or otherwise modify the unserved portion of an active jail sentence, or even a penitentiary term if the prisoner has not yet been transferred to a receiving unit of the Department of Corrections, and in addition to place the prisoner on probation. Section 19.2-303, Code of Virginia (1950), as amended. "The power under Code § 19.2-303 to modify the sentence [is] in consideration of 'circumstances in mitigation of the offense. . . ." *Robertson v. Superintendent of the Wise Correctional Unit,* 248 Va. 232, 236 (1994). The Court is not aware of any circumstances in mitigation of the offense, and the Defendant is not in jail and has served his entire active jail sentence. Therefore, that limited exception does not apply.

When a sentence is suspended the Court imposes terms of suspension. "Good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not." *Marshall v. Commonwealth,* 202 Va. 217, 220 (1960). In this particular case, in addition to the condition of good behavior, the Court also imposed a term of probation as a condition of the suspended sentence and required the Defendant to pay his court costs, all as set forth in the final order. Also, as part of the parties' plea agreement included in the final order was the provision that, if the Defendant paid off his court costs early, the term of probation could be eliminated as a condition of the suspended sentence. That has been accomplished. The only remaining term of Defendant's suspended sentence is that he be of "good behavior." That means he shall not commit another crime during the term of his suspended sentence.

Defendant also argues that § 19.2-304, Code of Virginia (1950), as amended, authorizes the Court to alter his suspended sentence after the expiration of twenty-one days. That argument arises from a misreading of the statute and a misunderstanding of the terms "suspended sentence" and "probation." "§ 19.2-304 deals with probation only and permits the court to increase or decrease the period of probation or modify any condition of probation. § 19.2-303 . . . permits the court under specified circumstances to suspend or otherwise modify the unserved portion of a sentence and place the defendant on probation. . . . Consequently, we see the statutes as distinguishing between a suspension . . . on the one hand, and probation, on the other hand." *McFarland v. Commonwealth,* 39 Va. App. 511, 515 (2002). Under the circumstances of this case, more than twenty-one days having lapsed since the entry of the final order, the Court no longer has jurisdiction to alter the Defendant's sentence.

Defendant's final argument is that the sentencing order is void because the Court did not require restitution for loss or damage to property, or in the alternative, community service, all pursuant to § 19.2-305.1, Code of Virginia

(1950), as amended. The Court certainly agrees that, if you steal something you have to give it back or, if you damage something belonging to another while committing a crime, you have to pay for it. The stipulated facts of this case did not include an unreimbursed property loss or damage. Accordingly, § 19.2-305.1 simply does not apply. Further, the Court's acceptance of the plea agreement in this case makes the agreement the law of the case.

The Clerk of this Court is directed to prepare an appropriate order, incorporating this letter opinion by reference, and denying the Defendant's request for a rehearing and modification of sentence.