UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Petty and Chafin
Argued at Lexington, Virginia


AKBAR ASWAB DOUGLAS

MEMORANDUM OPINION[*] BY
v.      Record No. 1886-15-3      JUDGE TERESA M. CHAFIN
MARCH 28, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SALEM
William D. Broadhurst, Judge[1]

Wayne D. Inge (Law Office of Wayne D. Inge, on brief), for
appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Akbar Aswab Douglas appeals the November 5, 2015 decision from the Circuit Court of

the City of Salem revoking his suspended sentences from prior convictions based on his violation

of probation.  On appeal, Douglas challenges a condition of his probation that prohibited him

from possessing or viewing sexually explicit materials.[2]  For the reasons that follow, we

conclude that Douglas cannot collaterally attack the probation condition at issue.  Therefore, we

affirm the circuit court's decision.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] While Judge Broadhurst presided over the November 5, 2015 joint hearing regarding
the revocation of the suspended sentences associated with Douglas's Roanoke and Salem
convictions, Judge Charles N. Dorsey presided over the earlier proceedings limited to the
revocation of the suspended sentences associated with Douglas's Salem convictions.

[2] Specifically, Douglas contends that:  (1) a probation officer did not have the authority to
impose the condition at issue, (2) a circuit court could only impose the condition after weighing
his constitutional right to view sexually explicit materials and the Commonwealth's interest in
imposing the condition, and (3) the condition was not reasonable in relation to his underlying
offenses, background, and the surrounding circumstances.

## I. BACKGROUND

Under standards analogous to those governing the appellate review of evidence presented in criminal trials, we "view the evidence received at [probation revocation hearings] in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." Henderson v. Commonwealth, 285 Va. 318, 329, 736 S.E.2d 901, 907 (2013). The relevant evidence in the present case, however, is undisputed.

On March 30, 2011, Douglas was convicted of two counts of felony subsequent offense petit larceny in the Circuit Court of the City of Salem pursuant to a written plea agreement. The circuit court sentenced Douglas to three years of incarceration on each charge, and suspended two years and eight months of each sentence. The circuit court also placed Douglas on supervised probation for two years, and conditioned the suspension of his sentences on his compliance with "all the rules and requirements set by [his] [p]robation [o]fficer" and good behavior. Additionally, the circuit court allowed Douglas's probation officer "to adjust the level of supervision from regular supervised probation to intensive supervised probation and vice versa" at his or her discretion. Douglas did not object to the imposition of probation or any of its requirements.

On April 14, 2015, Douglas was convicted of attempted indecent liberties with a child under the age of fifteen in the Circuit Court of the City of Roanoke. He was sentenced to a period of incarceration followed by supervised probation. As a result of this new conviction, the Circuit Court of the City of Salem concluded that Douglas had violated the terms of his probation and revoked the suspended sentences pertaining to his petit larceny convictions on July 23, 2015. The circuit court resuspended the balance of Douglas's sentences after giving him credit for the time he had served prior to his probation revocation hearing. The circuit court then

placed Douglas on an additional period of probation, and conditioned the suspension of his sentences on his compliance with "all the rules and requirements set by [his] [p]robation [o]fficer" and good behavior.[3]  Again, Douglas did not object to the imposition of probation or any of its requirements.

Douglas met with his probation officer, Christopher Stewart, on July 28, 2015.  As the cities of Roanoke and Salem were located within the same probation and parole district, Stewart supervised Douglas pursuant to his convictions in both jurisdictions.  Stewart provided Douglas with a written copy of the conditions of his probation, and explained the conditions to him. Among other things, Stewart instructed Douglas that he had to comply with Probation Condition Number 6, which stated, "I will follow the Probation and Parole Officer's instructions and will be truthful, cooperative, and report as instructed."  Stewart also informed Douglas that he had to comply with additional probation conditions applicable to registered sex offenders due to his attempted indecent liberties conviction.  Stewart explained that one of the special sex offender conditions prohibited Douglas from possessing and viewing sexually explicit or pornographic materials.[4]

At the conclusion of the meeting, Douglas signed a copy of his probation conditions.  He indicated in writing that he understood the conditions of his probation and that he agreed to the requirements of supervision.  A senior probation officer reviewed the probation conditions with Douglas a second time on August 11, 2015.  Notably, Douglas did not object to any condition of

---

[3] The March 30, 2011 and July 23, 2015 sentencing orders contained identical provisions regarding Douglas's probation.

[4] A written copy of the additional sex offender probation conditions was not included in the record of this case.  Stewart, however, testified about the substance of the pertinent condition and Douglas's attorney stated the condition at issue in argument before the circuit court without objection from the Commonwealth.

his probation following his meeting with Stewart or after his meeting with the senior probation officer.

On August 27, 2015, Stewart was informed that Douglas had viewed sexually explicit materials on a computer at an employment services agency. Although Douglas initially denied the allegations, he later admitted that he had navigated to a pornographic website and viewed sexually explicit images on one of the computers at the agency. Douglas was arrested following this admission.

On September 22, 2015, Stewart filed a major violation report in the Circuit Court of the City of Salem based on Douglas's actions on August 27, 2015, and his subsequent admission that he had viewed sexually explicit material on that date. Specifically, the report stated that Douglas had failed to follow the instructions of his probation officers and that he had violated Probation Condition Number 6. Stewart also filed a similar report in the Circuit Court of the City of Roanoke.

The Circuit Court of the City of Salem held a hearing regarding the alleged probation violation on October 16, 2015. At that hearing, Douglas objected to the special probation condition prohibiting him from possessing or viewing sexually explicit materials. Douglas argued that the condition was unrelated to his larceny offenses, and therefore, not a reasonable condition of probation. The circuit court disagreed, and concluded that the condition was reasonable when viewed with Douglas's attempted indecent liberties conviction. Based on the testimony of Stewart, the circuit court determined that the evidence presented was sufficient to establish that Douglas had violated the terms of his probation. The circuit court, however, deferred making a formal finding concerning that issue, and continued the matter to be heard in a consolidated proceeding addressing the revocation of Douglas's probation associated with his Salem petit larceny convictions and his Roanoke attempted indecent liberties conviction.

A consolidated hearing addressing the alleged probation violation was held in the Circuit Court of the City of Roanoke on November 5, 2015. At the conclusion of evidence, Douglas again argued that the special sex offender probation condition at issue was not reasonable when viewed in the context of his underlying larceny convictions. Additionally, Douglas argued that a probation officer did not have the authority to impose the condition at issue and that such a condition could only be imposed by a circuit court following a hearing on the subject. The circuit court, acting on behalf of both the City of Salem and the City of Roanoke, disagreed with both arguments and concluded that the condition was reasonable in light of Douglas's attempted indecent liberties conviction and his particular needs.[5]

Although the Circuit Court of the City of Salem had concluded that the evidence presented in the prior hearing was sufficient to establish that Douglas had violated the terms of his probation, the circuit court judge presiding over the consolidated hearing independently reached the same conclusion. After determining that Douglas had violated the terms of his probation, the circuit court revoked Douglas's suspended sentences associated with his petit larceny convictions. The circuit court then resuspended all but four months of the sentences on each charge, resulting in a total active sentence of eight months. This appeal followed.[6]

---

[5] The circuit court noted that Douglas's attempted indecent liberties conviction involved similar circumstances in which he used a public computer to access pornographic websites in the presence of a fourteen-year-old victim.

[6] The circuit court also revoked the suspended sentences associated with Douglas's attempted indecent liberties conviction. Although Douglas appealed that decision on similar grounds, this Court did not grant Douglas's petition for an appeal regarding the attempted indecent liberties conviction.

## II. ANALYSIS

On appeal, Douglas attempts to attack a condition of the probation imposed by the July 23, 2015 sentencing order. Douglas, however, failed to challenge any of the conditions of his probation when they were imposed by the circuit court at the July 23, 2015 hearing or when they were explained to him by his probation officer.

Typically, any challenge to an order of the circuit court must be made within twenty-one days of the entry of the order in question. See Rule 1:1 ("All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."). However, there is an exception to this general rule. Rule 1:1 does not apply to an order that is void *ab initio*. Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001). In contrast, orders that are merely voidable are subject to Rule 1:1 and may not be collaterally attacked. Id. at 51, 541 S.E.2d at 551.

"The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error." Id. "An order 'is void if it has been procured by extrinsic or collateral fraud, or has been entered by a court that did not have jurisdiction over the subject matter or the parties.'"[7] Wright v. Commonwealth, 52 Va. App. 690, 704, 667 S.E.2d 787, 793 (2008) (*en banc*) (quoting Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998)).

> In contrast, an order is voidable if its issuance was reversible error but was within the court's jurisdiction to enter. A court has jurisdiction to err, as well as to correctly decide the issues presented in a case, and the remedy to correct an error by a

---

[7] Subject matter jurisdiction is the type of jurisdiction granted by constitution or statute "that delineates a court's ability to adjudicate a defined class of cases or controversies." Mohamed v. Commonwealth, 56 Va. App. 95, 99, 691 S.E.2d 513, 515 (2010).

trial court is to appeal the court's decision upon entry of a final order, not to collaterally attack the erroneous decision in a separate action.

Hicks v. Mellis, 275 Va. 213, 219, 657 S.E.2d 142, 145 (2008) (citations omitted).

An order issued by a court with subject matter jurisdiction, even if arguably erroneous and thus voidable, is still a court order. As a result, it governs the parties before the court until vacated by the trial court upon reconsideration (assuming a timely ruling under Rule 1:1), or reversed by an appellate court (assuming a timely appeal under Rules 5A:6(a) and 5:9) . . . . A voidable order, however, cannot be set aside upon a "collateral attack."

De Avies v. De Avies, 42 Va. App. 342, 346, 592 S.E.2d 351, 353 (2004) (*en banc*) (citations omitted).

In the present case, the circuit court clearly had subject matter jurisdiction to revoke Douglas's suspended sentences at the July 23, 2015 revocation hearing and impose a period of supervised probation. "Proceedings for revocation of suspended sentences are within the subject matter jurisdiction of the circuit courts." Dunham v. Commonwealth, 59 Va. App. 634, 640, 721 S.E.2d 824, 827 (2012). Code § 17.1-513 provides circuit courts with "original jurisdiction of all indictments for felonies and of presentments, informations, and indictments for misdemeanors." Through that statute, the General Assembly has granted circuit courts subject matter jurisdiction over the specific class of cases involving the prosecution of crimes and the rehabilitation of criminals. See Mohamed v. Commonwealth, 56 Va. App. 95, 100, 691 S.E.2d 513, 515 (2010). This class of cases includes proceedings to revoke probation and suspended sentences. See id.

As the circuit court had subject matter jurisdiction to revoke Douglas's suspended sentences based on the violation of the terms of his probation, its July 23, 2015 sentencing order was voidable rather than void *ab initio*. Therefore, the order is subject to Rule 1:1 and it may not be collaterally attacked.

In order to challenge the probation conditions imposed by the July 23, 2015 sentencing order, Douglas was required to timely object to the conditions at issue or appeal the circuit court's decision. He failed to take either course of action. Douglas did not object to the circuit court's order directing him to comply with "all the rules and requirements set by [his] [p]robation [o]fficer" at the July 23, 2015 hearing, or after those rules and requirements were explained to him on July 28, 2015. If he had objected to the conditions of his probation at either of these times, the circuit court could have modified the terms of his probation within the twenty-one-day period allowed by Rule 1:1.[8]

Although Douglas contends that he was unaware of the probation condition prohibiting him from viewing or possessing sexually explicit materials at the July 23, 2015 revocation hearing, as previously noted, his probation officer explained the condition at issue to him five days later on July 28, 2015. Additionally, a senior probation officer reviewed the condition with him on August 11, 2015. While Douglas could have objected to the condition after it was explained to him, he failed to do so and agreed to comply with the condition as a term of his probation. Rather than objecting to the condition at issue, Douglas chose to accept "the benefit of the court's suspension of sentence." Simmers v. Commonwealth, 11 Va. App. 375, 379, 398 S.E.2d 693, 695 (1990).

Pursuant to Rule 1:1, the July 23, 2015 sentencing order became final twenty-one days after it was entered. As the circuit court had subject matter jurisdiction to enter that order, it was at most voidable rather than void *ab initio*, and therefore, it is not subject to collateral attack. See Wilson v. Commonwealth, 67 Va. App. 82, 90, 793 S.E.2d 15, 19 (2016) (applying Rule 1:1 under similar circumstances where the amount of restitution owed by an appellant was erroneously left to the sole discretion of his probation officer). Thus, Douglas could not

---

[8] Pursuant to Rule 1:1, the circuit court could have modified the July 23, 2015 sentencing order until August 13, 2015.

challenge the probation condition at issue at his October 16, 2015 probation revocation hearing, nor may he do so on appeal.

## III.  CONCLUSION

As the July 23, 2015 sentencing order could not be collaterally attacked, Douglas was bound by the terms of that order and required to comply with "all the rules and requirements set by [his] [p]robation [o]fficer."  Thus, we conclude, without reaching the merits of Douglas's substantive arguments, that the circuit court properly revoked Douglas's suspended sentences based on his violation of the condition of probation at issue in this case.  Accordingly, we affirm the circuit court's decision.

<u>Affirmed.</u>

Petty, J., dissenting.

The majority concludes that Rule 1:1 bars Douglas from challenging the condition set by his probation officer that he not view sexually explicit material.[9]  Because I conclude that Douglas appropriately challenged the new condition at the revocation hearing, I would address the merits of Douglas's argument.  Therefore, I respectfully dissent.

Code § 19.2-303 provides that "[a]fter conviction, whether with or without jury, *the court may suspend imposition of sentence . . . and in addition may place the defendant on probation under such conditions *as the court shall determine . . . .*"  (Emphasis added).  "The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth."  Code § 19.2-304.[10]  Simply put, the statutory authority to establish and modify conditions of probation rests with *the court*.

In this case, the court neither set nor modified Douglas's conditions of probation to include a condition that he not view pornography.  The Commonwealth argues, and the majority agrees, that the condition restricting pornography was included in the circuit court's general condition that Douglas "comply with all the rules and requirements set by the Probation Officer."  However, I note that the restriction on viewing pornography was imposed by the probation

---

[9] I note that the rationale adopted by the majority was not argued by the Commonwealth on brief and was only briefly addressed at oral argument in response to the Court's questions.

[10] Pursuant to Code § 19.2-304, a court has authority to modify a condition of probation. In contrast, "a court's authority to modify the terms of *probation* pursuant to Code § 19.2-304 does not give it the authority to modify any other terms upon which the *suspension* of a sentence was conditioned.  Thus, Rule 1:1 governs" modification of conditions of suspension in a final order, but not conditions of probation.  McFarland v. Commonwealth, 39 Va. App. 511, 516, 574 S.E.2d 311, 314 (2002) (finding the trial court "was authorized pursuant to Code § 19.2-304 to remove the good behavior requirement as a condition of the termination of his probation, but it lacked jurisdiction to alter the good behavior and related provisions imposed as conditions of the suspension of appellant's sentence more than twenty-one days after the court's entry of its . . . sentencing order").

- 10 -

officer as a condition of Douglas's probation for the attempted indecent liberties offense from the Circuit Court of the City of Roanoke. The specific condition was not included in the record or appendix of the case before us; additionally, it was not included in the circuit court exhibit containing the conditions set by the probation officer in *this* case. The position of the majority, then, is that the probation officer had authority on his own to impose on Douglas special sex offender conditions for the probation set by the Circuit Court of the City of Salem. The majority concludes that Douglas should have foreseen the possibility that the probation officer would set rules he deemed unreasonable and he should have objected to that part of the July 23, 2015 order setting out the general requirement that he comply with his probation officer's rules. Such an interpretation ignores the requirement that the court determine the conditions of probation and gives a probation officer unbridled power to set any condition at any time without the approval of the court and without the notice and hearing required by Code § 19.2-304. This simply cannot be. While the trial court may have the authority to delegate the administrative requirements of probation, such as the frequency of office visits, Code § 19.2-303 directs the court to establish substantive conditions of probation.

Furthermore, in this particular case Douglas met with his probation officer while the circuit court still had jurisdiction over the case pursuant to Rule 1:1. The majority fails to explain how its holding would apply where a defendant does not meet with his probation officer until after twenty-one days, such as when the probation does not begin until after a period of incarceration. In that instance, the defendant would have no recourse to challenge the conditions set by the probation officer.

Unlike the majority, I do not find Wilson v. Commonwealth, 67 Va. App. 82, 90, 793 S.E.2d 15, 19 (2016), applicable because in that case the circuit court's order *expressly* delegated to the probation officer the duty of determining the amount of restitution to be paid. In contrast,

here the court included only the generic language that Douglas was to "comply with all the rules and requirements set by the Probation Officer."

I would find, therefore, that the probation officer did not have the authority to unilaterally impose a substantive condition of probation. Because the court, in its final order, did not authorize or impose the condition that he not view pornography, Rule 1:1 does not prevent Douglas from challenging at the November 5, 2015 revocation hearing that subsequently imposed condition relied upon as grounds for his probation revocation.

I conclude that Douglas did not waive his right to challenge revocation of his probation based on violation of the condition set by the probation officer. I would address the case on the merits.