COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, O'Brien and Senior Judge Frank
Argued by teleconference


JOSEPH EDWARD HOBBS

v.       Record No. 0930-19-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
MAY 5, 2020


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Robert H. Sandwich, Jr., Judge

Sean E. Harris, Senior Trial Attorney (Office of the Public Defender,
on brief), for appellant.

(Mark R. Herring, Attorney General; Leah A. Darron, Senior Assistant
Attorney General, on brief), for appellee. Appellee submitting on brief.


James Edward Hobbs ("appellant") appeals two orders revoking his suspended sentences

imposed pursuant to a December 23, 2013 plea agreement. He contends the court erred "by not

specifically enforcing the plea agreement . . . due to failing to properly interpret" it. Appellant also

asserts that the court abused its discretion in imposing his sentence.

BACKGROUND

On December 23, 2013, appellant pleaded guilty to two charges of unauthorized use of a

motor vehicle, in violation of Code § 18.2-102. Appellant had approximately twenty-three previous

felony convictions. The Circuit Court for the City of Suffolk accepted a plea agreement which

stated, in pertinent part:

> 1.  The defendant stands indicted by the Grand Jury and charged in
>     this Court with two (2) counts of Unauthorized Use of an
>     Automobile in violation of Va. Code. Ann. § 18.2-102[].

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2. The defendant agrees to plead guilty and be found guilty of two (2) counts of Unauthorized Use of an Automobile.

3. The parties agree that the defendant will be sentenced to five (5) years in the Virginia State Penitentiary with five (5) years suspended in CR13001423 and to five (5) years in the Virginia State Penitentiary with four (4) years and six (6) months suspended in CR13001662. The suspended time is suspended upon the following terms and conditions:

    A. The defendant will be on supervised probation for five (5) years;

    B. The Commonwealth will not seek a revocation relating to either conviction for Unauthorized Use of an Automobile as contained in CR13001423 and CR13001662; and

    C. The defendant's court costs and interest are due and payable on the date that this Court sentences the defendant. If not paid on today's date, the defendant will pay his court costs within six (6) months through a payment plan with the Suffolk Circuit Court Clerk. The defendant will provide evidence of such payment plan to his probation officer.

The court found appellant guilty of the charges and sentenced him according to the terms of the agreement.

In a bench trial on January 22, 2015, the court convicted appellant of a subsequent, unrelated charge of unauthorized use of a motor vehicle. After the new conviction, appellant's probation officer filed a violation report, requesting revocation of the December 2013 suspended sentences. Appellant moved to "specifically enforce terms of [the December 2013] plea agreement" and argued that section 3B of the agreement precluded the Commonwealth from requesting revocation of his suspended time. The court ruled that the language of 3B pertained to "that guilty plea on that particular day and not necessarily in future events" and denied the motion. The court found appellant in violation of his probation and revoked and re-suspended his sentences for the two 2013 unauthorized use convictions. The court imposed an additional five-year sentence on the new 2015

conviction, suspended three years and three months of the sentence, and placed appellant on an indeterminate period of supervised probation.

Appellant was released from incarceration on July 27, 2017. On October 22, 2018, his probation officer filed another violation report. She alleged that appellant tested positive for drugs, failed to comply with mental health and drug treatment, and took his mother's car without permission to "'leas[e]' [it] out to random people . . . in exchange for money so he could buy crack." The probation officer requested that the court revoke appellant's previously suspended sentences. The court issued a capias for appellant.

After his arrest, appellant again moved to dismiss the violation on the ground that the Commonwealth's attempt to revoke his previously suspended sentences from 2013 violated section 3B of his plea agreement. The Commonwealth responded that the principles of *res judicata* and collateral estoppel barred the court from hearing the motion, but the court disagreed. However, it denied appellant's motion to dismiss on the same ground upon which it denied his 2015 motion.

Appellant testified at the May 10, 2019 revocation hearing. He admitted that he had a long-term cocaine addiction and stated that he made a promise to his mother, who died while he was incarcerated, that he would stop using the drug. The court found appellant in violation of probation and acknowledged his struggle with drugs, stating that appellant had a "serious, serious drug problem that needs to be addressed." The court revoked the sentences from the two 2013 convictions, which totaled nine years and six months, and resuspended six years. The court also revoked the three-year and three-month sentence from 2015 and resuspended it entirely. Finally, on all charges the court ordered that appellant's incarceration be spent in a therapeutic community and that he complete three years of probation upon his release.

ANALYSIS

A. Plea Agreement Interpretation

Appellant asserts that the court erroneously interpreted his 2013 plea agreement. Appellate courts review a trial court's interpretation of a plea agreement *de novo*. Hood v. Commonwealth, 269 Va. 176, 181 (2005). Plea agreements accepted by the trial court pursuant to Rule 3A:8 are generally treated as "binding contracts." Griffin v. Commonwealth, 65 Va. App. 714, 718 (2016). Therefore, we apply the law of contracts to plea agreements subject to any applicable constitutional considerations. See Wright v. Commonwealth, 275 Va. 77, 80-82 (2008); Esparza v. Commonwealth, 29 Va. App. 600, 606 (1999).

"When a contract is clear and unambiguous, it is [an appellate] court's duty to interpret the contract, as written," and to give each provision its plain meaning. Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289 (2008). "The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares." W.F. Magann Corp. v. Virginia-Carolina Elec. Works, Inc., 203 Va. 259, 264 (1962).

"The language of a contract is ambiguous if 'it may be understood in more than one way or when it refers to two or more things at the same time.'" Video Zone, Inc. v. KF & F Props., L.C., 267 Va. 621, 625 (2004) (quoting Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 632 (2002)). "Such an ambiguity, if it exists, must appear on the face of the instrument." Id. at 626. "The contract must be read as a single document. Its meaning is to be gathered from all its associated parts assembled as the unitary expression of the agreement of the parties." Berry v. Klinger, 225 Va. 201, 208 (1983).

Appellant and the Commonwealth agree that the plea agreement is unambiguous, although they have conflicting interpretations of section 3B. This disagreement alone does not necessarily

render the contract ambiguous.  See Erie Ins. Exch. v. EPC MD 15, LLC, 297 Va. 21, 29-30 (2019). "The fact that one may hypothesize 'opposing interpretations' of the same contractual provision does 'not necessarily render the contract ambiguous' because '[a]s we have often said, "[a] contract is not ambiguous simply because the parties to the contract disagree about the meaning of its language."'" Id. (quoting Babcock & Wilcox Co. v. Areva NP, Inc., 292 Va. 165, 179 (2016)). "In other words, a contractual term is not ambiguous merely because it is subject to multiple interpretations when viewed in isolation." James River Ins. Co. v. Doswell Truck Stop, LLC, 297 Va. 304, 306 (2019). "Rather, a contractual term is ambiguous when it is subject to multiple interpretations in view of the entire contractual context." Id.

Section 3B of the plea agreement provides, "[t]he Commonwealth will not seek a revocation relating to either conviction for [u]nauthorized [u]se of an [a]utomobile as contained in CR13001423 and CR13001662." Appellant argues that this provision prohibits the Commonwealth from seeking to revoke his suspended sentences on the 2013 unauthorized use charges for any prospective probation violation. The Commonwealth responds that appellant's argument construes section 3B in isolation, which renders other sections of the agreement meaningless.

In its entirety, section 3 sets out appellant's sentence for the 2013 unauthorized use convictions and the terms and conditions upon which his sentences were suspended. The first subsection, 3A, provides that appellant will be placed on five years of supervised probation. Subsection 3B addresses probation revocations. Subsection 3C discusses the payment of court costs related to appellant's convictions.

Considering section 3 in its totality, and in context of the plea agreement as a whole, it is evident that subsection 3A relates to appellant's prospective responsibility to comply with probation. Subsection 3B refers to appellant's retroactive liability for other charges that he was already on probation for when he pleaded guilty in 2013 to the two unauthorized use charges.

- 5 -

Appellant's interpretation of subsection 3B renders the court's suspended sentences and period of probation from the 2013 convictions meaningless.  See TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C., 263 Va. 116, 121 (2002) ("[W]e will not treat a contract provision as meaningless when a reasonable meaning can be given to it.").  Without the authority to revoke appellant's sentence, the court would lack a mechanism to enforce probation and the attendant suspended time would be meaningless.  See Hartless v. Commonwealth, 29 Va. App. 172, 175 (1999) ("A court's ability to revoke the suspension of a sentence and to impose that sentence permits it to enforce a probationary requirement as a condition of suspension.").  See also McFarland v. Commonwealth, 39 Va. App. 511, 516 (2002).  Therefore, the court properly interpreted the plea agreement to allow the Commonwealth to seek prospective probation violations as a result of appellant's 2013 convictions for unauthorized use of a motor vehicle.

## B.  Probation Violation Sentences

Appellant also asserts that the court erred in sentencing him to serve a total of three years and six months of incarceration on the three probation violation charges.  A decision to revoke a suspended sentence "lies within the sound discretion of the trial court."  Singleton v. Commonwealth, 11 Va. App. 575, 580 (1991).  We will not reverse a court's decision "unless there is a clear showing of abuse of discretion."  Jacobs v. Commonwealth, 61 Va. App. 529, 535 (2013) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86 (1991)).

Appellant concedes that he failed to preserve this issue, but he argues that "[p]ursuant to the good cause and/or ends of justice exception to Rule 5A:18, this appeal should be granted because the sentence imposed was unnecessarily harsh and cruel."

Rule 5A:18 provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

justice." "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." Creamer v. Commonwealth, 64 Va. App. 185, 195 (2015).

Rule 5A:18 designates exceptions for good cause or to prevent a miscarriage of justice. "The Court may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." Perry v. Commonwealth, 58 Va. App. 655, 667 (2011) (quoting Luck v. Commonwealth, 32 Va. App. 827, 834 (2000)). Here, appellant had "ample opportunity to challenge" the sentences he received from the court and failed to do so; thus, the good cause exception to Rule 5A:18 does not apply. Flanagan v. Commonwealth, 58 Va. App. 681, 694 (2011).

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" Pearce v. Commonwealth, 53 Va. App. 113, 123 (2008) (quoting Bazemore v. Commonwealth, 42 Va. App. 203, 219 (2004) (*en banc*)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." Commonwealth v. Bass, 292 Va. 19, 27 (2016) (quoting Gheorghiu v. Commonwealth, 280 Va. 678, 689 (2010)). The record "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221 (1997).

If a sentence "is not excessive on its face, '[w]e perceive no reason to invoke the "ends of justice" exception.'" Brittle v. Commonwealth, 54 Va. App. 505, 520 (2009) (quoting Jefferson v. Commonwealth, 33 Va. App. 230, 239 (2000), aff'd en banc, 35 Va. App. 436 (2001)). After determining that a defendant violated his probation, a trial court may revoke a previously suspended sentence "for any cause the court deems sufficient that occurred at any time within the probation

period, or within the period of suspension fixed by the court." Code § 19.2-306(A). The court "may again suspend all or any part of [the new sentence imposed] and may place the defendant upon terms and conditions or probation." Code § 19.2-306(C).

Here, the court found appellant in violation of his probation on three prior convictions of unauthorized use of a motor vehicle from 2013 and 2015. Appellant had an extensive criminal history, continued to engage in the same criminal behavior for which he was originally sentenced in both 2013 and 2015, and failed to comply with mental health and drug treatment. After finding appellant violated probation, the court was entitled to impose the entirety of appellant's suspended sentences totaling twelve years and nine months. See Alsberry v. Commonwealth, 39 Va. App. 314, 320 (2002) ("When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part."). Its decision to impose a third of that time, amounting to a total active sentence of three years and six months, and to resuspend the remaining time, was not excessive on its face. See Brittle, 54 Va. App. at 520 (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny, punishable by no less than one year and no more than five years, because the sentence was "not excessive on its face"). We find that appellant did not affirmatively show that a miscarriage of justice occurred. Therefore, appellant's failure to preserve this issue under Rule 5A:18 precludes our review of this issue on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the court's orders finding appellant in violation of probation from the 2013 unauthorized use charges and sentencing him to serve three years and six months for three charges of violating probation.

Affirmed.