COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Clements, Haley and Petty

ANTONE FLOYD PROCHASKA

                                         MEMORANDUM OPINION*

v.      Record No. 0894-21-3                      PER CURIAM
                                              JULY 12, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(David S. Saliba; Elledge & Associates, PC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.


Counsel for Antone Floyd Prochaska, appellant, filed a brief on his behalf accompanied by

a motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

The brief refers to the part of the record that might arguably support this appeal. A copy of that

brief has been furnished to appellant with sufficient time for him to raise any matter that he

chooses. Appellant has not filed any *pro se* supplemental pleadings.

We have reviewed the parties' pleadings, fully examined the proceedings, and determined

the case to be wholly without merit as set forth below. Thus, the panel unanimously holds that oral

argument is unnecessary. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence.  *Gerald*, 295 Va. at 473.

On January 5, 2021, appellant stipulated that he was in violation of the terms and conditions of his supervised probation on twelve underlying convictions that were before the court.  The revocable time on the prior convictions totaled sixty-one years and fifty-four months.  After hearing the evidence and reviewing the major violation report dated September 5, 2019, the trial court found appellant guilty of violating his probation and continued the matter to May 19, 2021, for "revocation."  On that day, "after hearing the evidence, the arguments of counsel and reviewing the Probation Officer's report," the trial court revoked the entirety of appellant's sentences and ran them concurrently, resulting in an active period of incarceration of twenty-three years and six months.  Appellant was released from probation.[1]  The trial court reasoned that it was revoking the sentences in their entirety because of appellant's "extensive history," and "other facts noted on the record including numerous PVs."  This appeal followed.

ANALYSIS

Appellant asserts that the trial court abused its discretion when it failed to re-suspend any portion of the revoked sentences.  Although appellant acknowledges that he committed a new felony offense while on probation, he argues that the trial court overlooked "several critical facts;" including, that he did not fail any blood or urine screens, that he attended his initial meeting with his probation officer and, but for the new conviction, that "he would have faced only technical

_____

[1] We glean this information from the trial court's final revocation order entered May 25, 2021.  Appellant did not file a transcript or written statement of facts in lieu of a transcript of the revocation hearing for this appeal.

violations related to his active probation." Because appellant's arguments are procedurally defaulted and finding no error in the trial court's decision, we affirm.

## A. Standard of Review

"The question of whether to revoke the suspension of a sentence lies within the sound discretion of the trial court." *Singleton v. Commonwealth*, 11 Va. App. 575, 580 (1991). We will not reverse a court's decision "unless there is a clear showing of abuse" of that discretion. *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

> [A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

## B. Procedural Default

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). Moreover, "[w]hen the appellant fails to ensure that the record contains transcripts or a

written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

Appellant maintains that the trial court failed to consider several relevant factors before revoking his sentences in their entirety; specifically, that appellant did not fail any blood or urine screens, that he attended his initial meeting with his probation officer and that, but for the new conviction, his violation was only technical. Appellant's assignment of error states that he "objected at the hearing to the imposition of the total sentence imposed by the trial court." However, appellant failed to provide this Court with a transcript or statement of facts in lieu of a transcript from the hearing memorializing his specific objections and the trial court's ruling. "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity[.]" *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Without a transcript or statement of facts, we cannot conclude that appellant's purported objection was both specific and timely. Although we accept appellant's assertion that he objected to the revocation of his sentences, we cannot discern whether appellant brought his reasons for that objection *specifically* to the court's attention in time for the trial court to correct the alleged error. It follows that we will not reverse the trial court's decision as an abuse of discretion.[2]

---

[2] "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue these exceptions and we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).

C. Merits

Notwithstanding appellant's failure to provide us with a transcript or written statement of facts, we do not find on the record before us that the trial court abused its discretion in revoking appellant's sentences. Instead, the record fully supports the trial court's decision.

"In any case in which the [trial] court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306. "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence *in whole or in part*." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002) (emphasis added). "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so for any cause deemed by it sufficient." *Id.* (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). We will not reverse a trial court's sentencing decision in the absence of an abuse of its "judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.'" *Id.* (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

The record in this case shows that appellant appeared before the trial court on at least four separate occasions between 2006 (when he entered his guilty pleas) and his final probation violation hearing on May 19, 2021. In each prior instance, appellant's suspended sentences were re-suspended, mostly in their entirety, on terms and conditions that appellant repeatedly failed to follow. In fact, during each period of probation, appellant committed new offenses, failed to remain drug free, and did not follow the probation officer's instructions. The final probation violation report dated September 5, 2019 stated that since his release from his most recent incarceration on February 8, 2019, appellant reported to his probation officer *only* for orientation and that four home

contacts were attempted "to no avail," and voicemail messages were left "with no return calls." Moreover, while appellant did not test positive for illegal substances, he had yet another felony arrest during this probationary period. Thus, on his final probation violation in May 2021, the trial court revoked the remaining sentences in their entirety and ran them concurrently.[3] Quite simply put, the trial court's patience was understandably at an end.

In sum, it is clear from the record that appellant was on probation for a considerable number of years and, yet, repeatedly failed to comply with the terms and conditions of his probation, including repeated arrests for new misdemeanor and felony offenses. On these facts, we cannot say that the trial court abused its judicial discretion in revoking appellant's sentences in their entirety and running them concurrently.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Antone Floyd Prochaska is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.

---

[3] Of course, the net effect of running his sentences concurrently was to essentially re-suspend thirty-eight years and forty-eight months of appellant's active period of incarceration.